## Commonwealth v. Carter

*Thomas D. Caldwell, Caldwell, Fox & Stoner,* for petitioner.

*William M. Gross,* for respondent.

SHELLEY, June 19, 1967.—This matter is before the court on the petition of Joseph D. Carter (hereinafter referred to as petitioner) and the answer of Sue Ann Carter (hereinafter referred to as respondent) requesting the taking of blood grouping tests as provided by section 1 of the Act of July 13, 1961, P. L. 587, 28 PS §307.1 et seq.

In his petition, petitioner denies that he is the father of Michael Carter and avers that he did not cohabit with respondent from December 14, 1959, to December 1, 1960.

In her answer, respondent asks that petitioner's request for an order requiring the taking of blood group-

ing tests be denied because, under the circumstances, petitioner is estopped from denying parentage.

Sue Ann Carter filed an information under section 733 of The Penal Code of June 24, 1939, P. L. 872, as amended, 18 PS §4733, charging petitioner "that he has failed to support minor child; namely, Michael Carter, age 4 years, for the last six months, or more; yet the said defendant [petitioner herein] is well able to provide said support."

The parties have agreed on a stipulation of facts. The parties were married on July 15, 1959. Petitioner was in Germany with the armed forces of the United States from December 14, 1959, until December 1, 1960, during which period the parties did not cohabit. The child referred to above was born April 16, 1961. Petitioner paid the expenses incidental to the birth of the child and supported it until the parties were divorced June 16, 1964. The birth record of the child lists petitioner as its father. During the years 1961, 1962 and 1963 petitioner listed the child as a dependent on his income tax return and also secured for the child a dependency allotment from the United States Army. Prior to the divorce decree, the parties entered into an agreement dated April 22, 1964 which provided, inter alia, as follows:

"8. Husband agrees to pay to Wife, in lieu of support of herself and of the said minor child Michael Scott Carter, the sum of Twenty Dollars ($20) a week from March 9, 1964, and thereafter during divorce proceedings and, upon the granting of a divorce, Husband [petitioner herein] agrees to pay to Wife the sum of Fifteen Dollars ($15) a week for the remaining term of a two-year period commencing March 9, 1964; and Husband further agrees that, after said two-year period shall have expired, said Husband will pay to Wife the sum of Ten Dollars ($10) a week until such time as Wife re-marries."

. The wife further agreed that she "12 . . . shall not hereafter make any demands upon Husband [petitioner] . . . for support of said minor child Michael Scott Carter. . . ." The agreement also further provides that petitioner should have the custody of another child born to the parties and respondent would assume custody of the child involved in these proceedings.

The Act of 1961, supra, applies to actions for support of minor children born during wedlock. Section 1 of the act provides that blood grouping tests may be ordered by the court, "in a civil action in which paternity parentage or identity of the child is a relevant fact", and section 5 of the act provides: "The presumption of legitimacy of a child born during wedlock is overcome if the court finds that the conclusions of all the experts as disclosed by the evidence based upon the tests show that the husband is not the father of the child". The Act of 1961 applies to both civil and criminal actions and is applicable to those proceedings which have some characteristics of both civil actions and criminal actions: Commonwealth ex rel. Goldman v. Goldman, 199 Pa. Superior Ct. 274 (1962).

In support of respondent's position that petitioner is estopped from denying parentage, she cites Commonwealth ex rel. Weston v. Weston, 201 Pa. Superior Ct. 554 (1963).[1]

In the Weston case, the parties were married August 4, 1956, and lived together until January 1, 1963. During this period two children, who were the subjects of the support action, were born. After the parties separated, the wife brought an action against her husband for the support of herself and two children. The

---

[1] The lower court in a decree by the Hon. Theodore O. Spaulding, now a Judge of the Superior Court, directed the wife, children and defendant to submit to compulsory blood grouping tests. The decree was reversed by the Superior Court with two judges dissenting.

father then filed a petition for blood tests under the Act of 1961, supra. In the petition, apparently for the first time, defendant questioned the paternity of the children who presumably were accepted and supported by him as his own.

There are two facts which distinguish the instant case from the Weston case. The first distinguishing fact is that the child in the instant case was conceived while petitioner was in Germany. As referred to above, the agreed statement of facts stipulate that petitioner was in Germany from December 14, 1959, until December 1, 1960, and that the parties did not cohabit during that period. The agreed statement of facts also stipulated that the child was born April 16, 1961, so that it must have been conceived during the period the parties did not cohabit.

The second distinguishing fact is that, by the terms of the agreement entered into by the parties at the time of their separation, all support for the child was to terminate at the time the wife remarried and respondent should have custody of the child while petitioner was to have custody of another child born to the parties and whose parentage is not in dispute.

We fully agree that it is "inherently repulsive" to permit a father to question the paternity of his children in a support action,[2] but it is equally repugnant to require a man to support a child conceived through the adulterous conduct of his wife.

Accordingly, we conclude that the prayer of the petitioner must be granted and make the following

ORDER

And now, June 19, 1967, it is ordered and directed that Sue Ann Carter, Michael Carter born to Sue Ann Carter on or about April 16, 1961, and petitioner sub-

---

[2] Quoting Judges Wright and Woodside in Commonwealth ex rel. Weston v. Weston, supra.

mit themselves to one or more blood grouping tests by a duly qualified physician to determine whether or not petitioner can be excluded as being the father of said child. Costs of making the blood grouping tests shall be paid by petitioner.